# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

| | |
|---|---|
| **DONAVEON LIGHTBOURN,** | |
| Petitioner**,** | |
| v. | **Civil Action No**.: **5:22-CV-78** <br> Judge Bailey |
| **WARDEN, USP HAZELTON,** | |
| Respondent. | |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On March 30, 2022, the *pro se* Petitioner, Donaveon Lightbourn ("the petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On April 5, 2022, the petitioner paid the $5 filing fee. [Doc. 5]. The petitioner is a federal inmate who is housed at USP Hazelton and is challenging the validity of his sentence from the United States District Court for the Southern District of Florida.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On April 25, 2008, the petitioner was indicted and charged with Possession of a Firearm and Ammunition by a Convicted Felon, pursuant to 18 U.S.C. § 922(g)(1). There was no plea agreement, and the petitioner's trial commenced on October 14, 2008. On October 15, 2008, the petitioner was found guilty as charged.

A presentence report ("PSR") was prepared on December 23, 2008, which recommended that the petitioner's sentence be enhanced pursuant to 18 U.S.C. § 924(e)(1), also known as the Armed Career Criminal Act ("ACCA"). The PSR listed numerous criminal convictions but made note that six prior offenses qualified as predicate offenses for the purposes of the ACCA enhancement:

(1) a 1997 conviction for the possession of cocaine with the intent to sell;

(2) a separate 1997 conviction for the sale of cocaine;

(3) a 1997 conviction for battery upon a law enforcement officer;

(4) a 1999 conviction for possession of cocaine with the intent to sell;

(5) a 2000 conviction for battery upon a law enforcement officer; and

(6) a 2000 conviction for escape.

As a result, at sentencing, the presiding District Judge classified the petitioner as a

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal dockets. See United States v. Donaveon Lightbourn, 1:08-cr-20367. In particular, the undersigned has relied on the petitioner's PSR. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

career offender, and his resulting sentencing guideline range was 235 to 293 months imprisonment. Conversely, the statutory provision established a minimum term of imprisonment of 15 years and a maximum term of 40 years. On December 30, 2008, the petitioner was sentenced to a total term of 293 months imprisonment, followed by a five-year term of supervised release. The petitioner's current **projected** release date is January 27, 2031.

### B. Direct Appeal

The petitioner filed a direct appeal with the United States Court of Appeals for the Eleventh Circuit. On January 20, 2010, the petitioner's appeal was denied. See United States v. Lightbourn, No. 1:08-cr-20367 (S.D. Fla. 2008).

### C. Petitioner's Prior Post-Conviction Proceedings (Florida)

Following his failed appeal attempt, the petitioner moved the trial court to vacate his conviction and filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 in the Southern District of Florida. On May 16, 2011, the petitioner's motion was denied and no certificate of appealability was issued. See Lightbourn v. United States, No. 0:11-cv-61089 (S.D. Fla. 2011).

Following the § 2255 Petition, the petitioner filed a § 2241 Petition in the Middle District of Florida. The petitioner argued that, in light of the Supreme Court's decisions in Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I") and Johnson v. United States, 576 U.S. 591 (2015") ("Johnson II), his two prior convictions for battery upon a law enforcement officer did not qualify as "violent felonies" to enhance his sentence under the ACCA. He further argued that, pursuant to decisional law predating his conviction and sentencing, one of his convictions for drug trafficking and one of his convictions for assaulting a police officer did not constitute valid predicate crimes

3

because he had pled *nolo contendre* to each. On October 12, 2016, that Petition was denied. The petitioner did not appeal the result of this post-conviction proceeding, stating that this decision was made because "the Eleventh Circuit changed the Savings Clause while [he] was awaiting *in forma pauperis*." [Doc. 1 at 9].

### D. Petitioner's Prior Post-Conviction Proceedings (Kentucky)

Also worthy of note is that the petitioner has previously made attempts at post-conviction proceedings in Kentucky.

The petitioner filed a § 2241 Petition in the Southern Division of the Eastern District of Kentucky, putting forth "a slightly-truncated version of the same arguments he asserted unsuccessfully in his prior habeas petitions." Lightbourn v. J. Ray Ormond, Warden, No. 6: 18-CV-161-CHB (E.D. Ky. 2018). The petitioner contended that Johnson I (2010) and Johnson II (2015) rendered his two prior convictions for battery upon a law enforcement officer void as predicate "violent felonies" for the purposes of an ACCA sentence enhancement. The petitioner, similarly, again contended that his *nolo contendre* pleas regarding a drug trafficking conviction and for assaulting a police officer meant that these convictions could not constitute valid predicate crimes under the ACCA. This § 2241 Petition was denied on June 22, 2018, because that court established that the petitioner's claims were not cognizable in a § 2241 Habeas Corpus Petition.

Subsequently, the petitioner filed two additional § 2241 Petitions in the Eastern District of Kentucky, pursuant to, effectively, the same grounds raised in his previous Kentucky Petition.[2] His first was denied in August of 2018, and the second was denied

---

[2] In his Petition which was denied on August 16, 2018, the petitioner cited Descamps v. United States, 133 S. Ct. 2276 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016) in place of Johnson (2010) and Johnson v. United States (2015). The result was the same.

4

in November of 2020.

### E. Petitioner's Claims in the instant § 2241 Petition

The petitioner now maintains that his ACCA enhancement was improper, and that two of his prior convictions cannot be used as predicate offenses. Additionally, the petitioner continues to assert that his prior offense to which he pled *nolo contendre* cannot be used as predicate offense for the purposes of his ACCA classification. For relief, the petitioner requests that this Court "remand for resentencing without the ACCA enhancement," and "release from restraints on life and liberty and any other relief the court deems just, along with access to an attorney."

### III.    LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal

construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the

6

context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.  In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604

7

F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. ANALYSIS

Although the petitioner raises the savings clause in his current § 2241 Petition, he is not entitled to its application. As previously noted, the petitioner's sentence was based on the guidelines applicable to career offenders.[3] Because the petitioner is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if the petitioner met the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[4]

---

[3] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

[4] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because the petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because the petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the

---

the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944. See also, Braswell v. Smith, 952 F.3d 441, 450 (2020) (A fundamental defect or complete miscarriage of justice, sufficient for a petitioner to be permitted to file a habeas petition under of statute governing motions to vacate, set aside, or correct a sentence, has not occurred where the petitioner was sentenced as a career offender under an advisory Guidelines scheme.

9

cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 23, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE