IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAVEON LIGHTBOURN,**

        Petitioner,

v.                                                                                      **CIVIL ACTION NO. 5:22-CV-78**
                                                                               Judge Bailey

**WARDEN, USP HAZELTON,**

        Respondent.

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on June 23, 2022, wherein he recommends the § 2241 petition be denied and dismissed. While this Court rejects portions of the R&R's analysis, this Court agrees with the magistrate judge's ultimate conclusion concerning the § 2241 petition for the reasons contained herein.

## I. BACKGROUND

On March 30, 2022, petitioner filed a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. On June 23, 2022, the magistrate judge filed his R&R. [Doc. 6]. Petitioner timely filed his objections to the R&R on July 7, 2022. [Doc. 8]. This Court notes that a

1

duplicate copy of petitioner's objections appears on the docket. See [Doc. 9]. Accordingly, this matter is ripe for adjudication.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed objections and, accordingly, this Court will

review the portions of the R&R to which objections were filed *de novo*, and the remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION[12]

As an initial matter, this Court will address petitioner's third (3) objection to the R&R. Therein, petitioner contends he is entitled to the application of the savings clause because his sentence is based on the Armed Career Criminal Act, 18 U.S.C. 924(e), not the guidelines applicable to career offenders, U.S.S.G. 481.1. Based on this fact, petitioner contends the R&R's analysis based on an examination of the career offender sentencing guidelines utilized the wrong analysis and was in error. This Court agrees.

However, petitioner is not entitled to the relief he seeks based on an examination of the Armed Career Criminal Act, either. Petitioner bases his argument in this regard on ***Johnson v. United States***, 559 U.S. 133 (2010). Relying upon ***Johnson***, petitioner contends he satisfies the savings clause because the ***Johnson*** court found "that Florida's battery on a law enforcement officer offense no longer constitutes a 'violent felony' under the ACCA's element's clause." *See* [Doc. 1-1 at 3]. This argument was previously rejected by the Eleventh Circuit, which found that "Lightbourn is still properly qualified as an armed career criminal post-***Johnson***." *See **In re Lightbourn***, No. 16-13728 (11th Cir. July 7, 2016). The

---

[1]This Court has reviewed the "Factual and Procedural History" section of the magistrate judge's R&R and finds the same to be an accurate summation of petitioner's underlying criminal, appellate, and post-conviction history. Accordingly, that section is adopted and incorporated herein.

[2]Additionally, this Court has reviewed the "Legal Standards" section of the magistrate judge's R&R and finds the same to be an accurate summation of the legal standards applicable to the instant petition. Accordingly, that section is adopted and incorporated herein.

Eleventh Circuit reached this conclusion because petitioner's three prior drug convictions, identified as predicate convictions by the sentencing court, "categorically qualify as ACCA predicates under the ACCA's 'serious drug offense' provision." *Id*. Based on this conclusion, the Eleventh Circuit found that petitioner was not entitled to relief under the savings clause because he had not satisfied the requirements of ***Bryant v. Warden***, 738 F.3d 1253 (11th Cir. 2013).[3] This Court sees no reason to deviate from the well-reasoned opinion of the Eleventh Circuit and, accordingly, finds that petitioner has failed to satisfy the savings clause as articulated in ***Wheeler***.

Petitioner's other objections are based on his contention that his 1997 conviction for possession of cocaine with intent to sell "is not a conviction at all because adjudication was withheld[.]" *See* [Doc. 8 at 1–2]. This contention is misplaced given the Eleventh Circuit's decision in ***United States v. Clarke***, in which the court found no plain error based upon the district court's determination that the same prior Florida nolo contendere plea for which adjudication was withheld was a "conviction" under federal law for the purpose of 21 U.S.C. §§ 841(b) and 851. 649 F.App'x 837 (11th Cir. 2016). Accordingly, the substantive law supporting petitioner's sentencing enhancement has not changed in a manner that can be applied retroactively. As such, petitioner has failed to demonstrate he satisfies all prongs of the savings clause, and his claims may not be considered under § 2241.

---

[3] ***Bryant*** is the Eleventh Circuit analog to the binding precedent upon this Court in ***United States v. Wheeler***, 886 F.3rd 415, 429 (4th Cir. 2018).

## IV.  CONCLUSION

For the aforementioned reasons, the entirety of petitioner's Objections [**Docs. 8 & 9**] are **OVERRULED**, and it is the opinion of this Court that the **Report and Recommendation** [**Doc. 6**] should be, and is, hereby **ORDERED ADOPTED IN PART AND REJECTED IN PART** for the reasons contained herein. Accordingly, this Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: August 4, 2022.

_____
**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**